1  Michele R. Stafford, Esq. (SBN 172509)
   Blake E. Williams, Esq. (SBN 233158)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900 – Telephone
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  bwilliams@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9                      UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.:  C11-5197 SI |
|---|---|
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| LINOLEUM LARRY'S, INC., | |
| Defendant. | |

18

19          IT IS HEREBY STIPULATED and AGREED by and between the parties hereto, that

20  Judgment shall be entered in the within action in favor of the Plaintiffs, DISTRICT COUNCIL 16

21  NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., and against

22  Defendant LINOLEUM LARRY'S, INC., a California Corporation, and/or alter egos and/or

23  successor entities ("Defendant"), as follows:

24          1.      Defendant is signatory to the Northern California Floor Covering Master

25  Agreement between District Council 16 and the Northern California Floor Covering Association

26  and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement").

27  Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the

28  Plaintiffs Trust Funds.  The Bargaining Agreement and Trust Agreements continue in full force

- 1 -

and effect to the present time.

2.     Defendant hereby acknowledges and agrees that Defendant has become indebted to Plaintiff Trust Funds as follows:

| Audit (4/1/07-8/31/10) | Contributions | $6,778.81 | | |
| | Liquidated Damages* | $1,355.76 | | |
| | 5% p/a Interest (through 5/11/11) | $598.54 | | |
| | | | $8,733.11 | |
| | Credit (Improper payments) | | <$721.11> | |
| | | | | $8,012.00 |
| | 5% p/a Interest (5/12/11-12/08/11) | | | $195.01 |
| Attorneys' fees (6/15/11-12/8/11) | | | | $2,101.50 |
| Cost of Suit and Service | | | | $445.00 |
| **TOTAL** | | | | **$10,753.51** |

* Liquidated damages in the audit are shown as $677.88; however, liquidated damages increase to 20% of the contributions owed upon litigation.

3.     Defendant shall *conditionally* pay the amount of **$9,397.75**, representing the total amount due as enumerated in paragraph 2 above, less conditionally waived liquidated damages in the sum of **$1,355.76**.  *This waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on or before December 20, 2011, and no later than the 20th day of each month, and continuing for a period of twelve (12 months) through November 20, 2012, Defendant shall pay to Plaintiffs the amount of **$810.00** per month.

(b)     Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest from December 9, 2011, at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(c)     Payments may be made by joint check, to be endorsed prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment.

(d)     Checks shall be made payable to the "***District Council 16 Health and Welfare Trust Fund,***" and shall be delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:\Clients\FLRCL\Linoleum Larry's\Pleadings\Judgment Pursuant to Stipulation 120811.doc

1    address as may be specified by Plaintiffs.

2           (e)    Prior to Defendant's final payment, Defendant may submit a written request

3    for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and

4    Johnson Law Corporation.  Defendant will be advised as to whether or not the waiver has been

5    granted prior to the final (November 20, 2012) payment, hereunder.  Such waiver will not be

6    considered until or unless all other amounts are paid in full and Defendant's account is otherwise

7    current.

8           (f)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

9    Defendant, in writing, as to the final amount due, including interest and all additional attorneys'

10   fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

11   owed to Plaintiffs under this Stipulation.  Defendant shall pay all additional attorneys' fees and

12   costs regardless of whether or not Defendant defaults herein.   Any additional amounts due

13   pursuant to the provisions hereunder shall also be paid in full with the November 20, 2012

14   stipulated payment.

15          (g)    Failure to comply with any of the above terms shall constitute a default of

16   the obligations under this Agreement and the provisions of ¶10 shall apply.

17          4.    In the event that any check is not timely submitted or fails to clear the bank, or is

18   unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be

19   considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

20   demand to Defendant to cure said default *within seven (7) days of the date of the notice from*

21   *Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a replacement

22   *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day

23   cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments,

24   *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event

25   default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

26   Plaintiffs.

27          5.    Beginning with contributions due for hours worked by Defendant's employees

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:/Clients/FLRCL/Linoleum Larry's/Pleadings/Judgment Pursuant to Stipulation 120811.doc

1  during the month of November 2011, due on December 15, 2011 and delinquent if not received by

2  the Trust Funds before the last business day of the month, and for every month thereafter until this

3  Judgment is satisfied, Defendant shall remain current in contributions due to Plaintiffs under the

4  current Collective Bargaining Agreement and under all subsequent Collective Bargaining

5  Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax a copy of its

6  contribution report for each month, together with a copy of that payment check, *to Michele R.*

7  *Stafford at 415-882 9287*, prior to sending the payment to the Trust Fund office.

8      Failure to comply with these terms shall also constitute a default of the obligations under

9  this Agreement and the provisions of ¶10 shall apply.

10     6.    Defendant shall make full disclosure of all jobs on which it is working by providing

11  Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

12  address   of   the   job,   the   start   and   completion   dates,   the   identity   of   General

13  Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the

14  extent that Defendant is working on a Public Works job, or any other job for which Certified

15  Payroll Reports are required, at Plaintiffs' request, copies of said Reports *will be emailed or faxed*

16  *to Michele R. Stafford* concurrently with their submission to the General Contractor, Owner or

17  other reporting agency.

18     These requirements are concurrent with, and in addition to, the requirements set forth

19  above.  Defendant shall email or fax said updated job list each month (or sooner if required

20  elsewhere herein) together with the contribution report (as required by ¶6 of this Stipulation) *to*

21  *Michele R. Stafford at 415-882-9287 (mstafford@sjlawcorp.com),* on before the **15th day** of each

22  month.  Attached hereto as *Exhibit A* is a Job Report Form which is to be completed each month.

23     7.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the

24  obligations under this Agreement and the provisions of ¶10 shall apply.  Any unpaid or late paid

25  contributions, together with 20% liquidated damages and 5% per annum interest accrued on the

26  contributions, pursuant to the Trust Agreements, shall be added to and become a part of this

27  Judgment and subject to the terms herein.   Plaintiffs reserve all rights available under the

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:\Clients\FLRCL\Linoleum Larry's\Pleadings\Judgment Pursuant to Stipulation 120811.doc

applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. Gail Ann Corridan acknowledges that she is the RMO/CEO/President of Defendant herein, and is authorized to enter into this Stipulation on behalf of Linoleum Larry's, Inc. Gail Ann Corridan ("Guarantor") is also personally guaranteeing all amounts due herein. Gail Ann Corridan further acknowledges that any and all successors in interest to Linoleum Larry's, Inc. as well as any assigns, and/or affiliated entities (including, but not limited to parent or other controlling companies), and purchasers, shall be contractually bound by the terms of this Stipulation. This shall include any additional entities in which Gail Ann Corridan is an officer, owner or possesses any ownership interest. Defendant, Guarantor and all such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

9. Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation as set forth above. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the November 20, 2012 stipulated payment.

10. In the event that Defendant/Guarantor fail to make any payment required under ¶3 above, or fails to remain current in any contributions under ¶5 above or fails to timely provide the monthly documents required by ¶¶5 and 6 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$10,753.51**, as specified in ¶2, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid

1  contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or

2  late paid contributions, shall be immediately due and payable, together with any attorneys' fees

3  and costs incurred during the term of this Stipulation;

4  (b)  A Writ of Execution may be obtained against Defendant/Guarantor without

5  further notice, in the amount of the unpaid balance, plus any additional amounts under the terms

6  herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any

7  payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing

8  as of the date of default.

9  (c)  Defendant/Guarantor waive any notice of Entry of Judgment or of any

10  Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

11  and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

12  balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

13  of Execution, without notice to Defendant/Guarantor.

14  (d)  Defendant/Guarantor shall pay all additional attorneys' fees and costs

15  incurred by Plaintiffs in connection with collection and allocation of the amounts owed by

16  Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

17  11.  Any failure on the part of the Plaintiffs to take any action against

18  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

19  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

20  any provisions herein.

21  12.  In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the

22  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

23  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

24  and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or

25  otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

26  13.  Should any provision of this Stipulation be declared or determined by any court of

27  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:/Clients/FLRCL/Linoleum Larry's/Pleadings/Judgment Pursuant to Stipulation 120811.doc

1   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

2   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

3   Stipulation.

4         14.    This Stipulation is limited to the agreement between the parties with respect to the

5   delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

6   Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

7   Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

8   withdrawal liability claims, if any, against Defendant/Guarantor and all of their control group

9   members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their

10   Collective Bargaining Agreement, and applicable laws and regulations.

11         15.    This Stipulation contains all of the terms agreed by the parties and no other

12   agreements have been made.  Any changes to this Stipulation shall be effective only if made in

13   writing and signed by all parties hereto.

14         16.    This Stipulation may be executed in any number of counterparts and by facsimile,

15   each of which shall be deemed an original and all of which shall constitute the same instrument.

16         17.    Defendant/Guarantor represent and warrant that they have had the opportunity to be

17   or have been represented by counsel of their own choosing in connection with entering this

18   Stipulation under the terms and conditions set forth herein, that they have read this Agreement

19   with care and are fully aware of and represent that they enter into this Stipulation voluntarily and

20   without duress.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:/Clients/FLRCL/Linoleum Larry's/Pleadings/Judgment Pursuant to Stipulation 120811.doc

1        18.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3  Dated: January 3, 2012              **LINOLEUM LARRY'S, INC.**

4

5                        By:  /S/Gail Ann Corridan
                               Gail Ann Corridan, its RMO/CEO/President

6  Dated: January 3, 2012              **GAIL ANN CORRIDAN**

7

8                            /S/Gail Ann Corridan
                             Individually, as Personal Guarantor

9  Dated: January 5, 2012              **SALTZMAN & JOHNSON LAW CORPORATION**

10

11                        By:  /S/Michele R. Stafford

12                             Michele R. Stafford
                             Attorneys for Plaintiffs

13  IT IS SO ORDERED.

14

15  Dated: __1/6_____, 2012

16                         UNITED STATES DISTRICT COURT JUDGE

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:/Clients/FLRCL/Linoleum Larry's/Pleadings/Judgment Pursuant to Stipulation 120811.doc

| EXHIBIT A |
| :---: |

## JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the 15th day of each month \*\*\***

**Employer Name: LINOLEUM LARRY'S, INC.**

**Report for the month of** _____ **Submitted by:** _____

| Project Name: | | |
| :--- | :--- | :--- |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| Project Name: | | |
| :--- | :--- | :--- |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

| Project Name: | | |
| :--- | :--- | :--- |
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | Date of Contract: | |
| Total Value of Contract: | | |
| Work Start Date: | Work Completion Date: | |

*** *Attach additional sheets as necessary* ***

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C11-5197 SI**
P:/Clients/FLRCL/Linoleum Larry's/Pleadings/Judgment Pursuant to Stipulation 120811.doc